UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BOARDS OF TRUSTEES OF THE
OHIO LABORERS' BENEFITS,**

           **Plaintiffs,**

  v.

**COLE BURTON CONTRACTORS, LLC,**

           **Defendant.**

Case No. 2:23-cv-1626
JUDGE EDMUND A. SARGUS
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment. (ECF No. 8.) The time for filing a response has passed and Defendant has not responded. For the reasons below, Plaintiffs' Motion is **GRANTED**.

## BACKGROUND

Plaintiffs are the Boards of Trustees of the Ohio Laborers' Benefits, which administer the Ohio Laborers' Benefits ("Plans"), including the following funds: the Ohio Laborers' District Council – Ohio Contractors' Association Insurance Fund, the Laborers' District Council and Contractors' Pension Fund of Ohio, the Ohio Laborers' Training and Apprenticeship Trust Fund— and one labor-management cooperative trust known as Ohio Laborers' District Council – Ohio Contractors' Association Cooperation and Education Trust. (Compl., ECF No. 1, ¶ 4.) The Plans maintain their principal place of business in Westerville, Ohio. (*Id.*) The Plans are responsible for collecting contributions from multiple employers to the Laborers' International Union of North America ("LIUNA") Tri-Funds to provide employee benefits to eligible employees pursuant to a collective bargaining agreement ("CBA"). (*Id.*)

Defendant Cole Burton Contractors, LLC is an Ohio limited liability company with its principal place of business in Cuyahoga County, Ohio. (Compl., ¶ 5.) Ohio Laborers' District

1

Council, and its local affiliates are labor organizations affiliated with the Laborers' International Union of North America. (Compl., ¶ 7.) Defendant, the Union, and the Laborer's District Council executed a collective bargaining agreement ("CBA"), known as the Ohio Highway Heavy Municipal-Utility State Construction Agreement. (*Id.* ¶ 8.) Defendant also signed the Declaration of Trust establishing the Plans and the LIUNA Funds. (*Id.* ¶ 9; *see also* Gaston Decl., ECF No. 8-1, ¶ 9.)

Plaintiffs allege that, under the parties' agreements, Defendant was obligated to "file monthly contribution reports, permit audits of its financial records, and make hourly contributions to the Plans." (ECF No. 8, PageID 23; *see also* Gaston Decl., ¶ 10.) Through these same agreements, Plaintiffs are authorized to "conduct an audit of financial records, collect delinquent contributions, and assess and collect liquidated damages" when a defendant fails to make timely contributions. (Gaston Decl., ¶ 11.)

After an ERISA audit, Plaintiffs discovered that Defendant had failed to timely contribute to the Plans several times between April 2022 and October 2023, and between November 2023 through March 2024. (Gaston Decl., ¶¶ 13, 15.) Plaintiffs filed their Complaint on May 15, 2023 to collect damages from Defendant for breach of their agreements and for violations of the Employee Retirement Income Security Act ("ERISA"). (Compl.)

Defendant has failed to appear or otherwise defend in this action. When Defendant failed to answer the Complaint, Plaintiffs applied for and received an entry of default. (ECF Nos. 5, 6.) Six months after Plaintiffs received an entry of default and had not moved for default judgment, the Court ordered Plaintiffs to show cause as to why this action should not be dismissed for failure to prosecute. (ECF No. 7.) Plaintiffs responded and informed the Court that settlement discussions were unsuccessful and accordingly Plaintiffs moved for default judgment on April 15, 2024. (ECF Nos. 8, 9.)  Defendant has not responded, and the time to do so has passed.

**STANDARD OF REVIEW**

Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. Fed. R. Civ. P. 55. The first step is to obtain an entry of default by the clerk, which is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise." Fed. R. Civ. P. 55(a). Once default is entered, a party may move for default judgment from either the clerk or, as is relevant here, from the Court. Fed. R. Civ. P. 55(b); *see also, e.g.*, *Hoover v. 4 Seasons Motors Inc.*, No. 2:21-cv-4177, 2022 U.S. Dist. LEXIS 130140, at *4 (S.D. Ohio July 21, 2022) (describing the two-step process in obtaining a default judgment).

Upon the clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Hoover*, 2022 U.S. Dist. LEXIS 130140, at *4 (quoting *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 U.S. Dist. LEXIS 15877, at *3 (S.D. Ohio Feb. 10, 2015) (Newman, J.)). But allegations of damages may be "accepted as true, thereby bypassing the necessity of a hearing, where 'the amount claimed is capable of ascertainment from definite figures contained in detailed affidavits.'" *Bds. of Trs. of the Ohio Laborers Bens. v. Karnak Concrete LLC*, No. 2:20-cv-1210, 2024 U.S. Dist. LEXIS 120120, at *4 (S.D. Ohio July 9, 2024) (Marbley, C.J.) (quoting *Iron Workers Dist. Council of S. Ohio & Vicinity Ben. Tr. v. NCR Clark, LLC*, No. 3:14-CV-00070, 2014 U.S. Dist. LEXIS 119035, at *4 (S.D. Ohio Aug. 26, 2014) (Rose, J.)). Thus, the "Court may enter an award without a hearing when plaintiff's claim is for sum certain or a sum that can be made certain by computation." *Bds. of Trs. of the Ohio Laborers Bens. v. Kyle J. Sherman Excavating, LLC*, No. 2:23-cv-2476, 2024 U.S. Dist. LEXIS 34246, at *3 (S.D. Ohio Feb. 28, 2024) (Graham, J.).

## ANALYSIS

Plaintiffs seek unpaid benefit contributions for the April 2022 and October 2023, and November 2023 through March 2024 periods along with liquidated damages, interest, attorneys' fees, and costs. Although Plaintiffs also request injunctive relief in the Complaint, they do not request such relief in the Motion. Plaintiffs attach a declaration from Contract Relations Manager Brian Gaston to support their damages amount, (Gaston Decl.), and a declaration of counsel Ryan Hymore to support their request for attorneys' fees (Hymore Decl., ECF No. 8-4).

### I. Default Judgment

The Complaint alleges that Defendant breached the agreements by not remitting the required payments to the Plans. (*See* Compl., ¶¶ 14–22.) Plaintiffs allege that the parties' agreements required Defendant to "file monthly contribution reports, permit audits of its financial records, and make hourly contributions to the Ohio Laborers Benefits." (Compl., ¶ 9.) By failing to answer, appear, or otherwise defend against this action, Defendant is deemed to have admitted these allegations.

Employers violate 29 U.S.C. § 185 by breaching agreed-upon conditions in a collective bargaining agreement. *Bd. of Trs. of Ohio Laborers Benefits v. Rock River Constr. Ltd.*, No. 2:22-cv-2806, 2023 U.S. Dist. LEXIS 141165 (S.D. Ohio Aug. 11, 2023) (Graham, J.). But before the Court can determine liability, it must determine whether Plaintiffs have the right to enforce the collective bargaining agreements as third-party beneficiaries. *Id.* (citing *Anderson v. AT&T Corp.*, 147 F.3d 467, 473 (6th Cir. 1998)). Trustees of union employee benefit plans are empowered to sue employers in federal court to enforce the terms of contractual agreements when employers are not timely paying into the benefit plan on behalf of their employees. 29 U.S.C. § 1145; *see also Laborers Health & Welfare Tr. Fund v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 546 (1988). The Court finds that the allegations sufficiently allege that Plaintiffs—trustees of employee

4

benefits plans—are fiduciaries entitled to enforce the collective bargaining agreement as third-party beneficiaries. (*See* Compl., ¶¶ 4, 16.)

Accordingly, the Court finds the allegations set forth a sufficient basis to sustain claims for breach of the collective bargaining agreement in violation of 29 U.S.C. § 185, as well as a violation of 29 U.S.C. § 1145, and that Plaintiffs are therefore entitled to default judgment under Rule 55(b).

## II. Injunctive Relief

Plaintiffs' Complaint seeks injunctive relief pursuant to ERISA's "civil enforcement" provision for Defendant's breach of the agreements in violation of 29 U.S.C. § 1145. (Compl. ¶¶ 23–25.) The Motion for Default Judgment, however, does not include a request for injunctive relief, and so it has been waived. (*See* ECF No. 8.) The request for injunctive relief is **DENIED as moot**.

## III. Damages and Fees

Having found default judgment proper, this Court must next determine the appropriate measure of damages, fees, and costs. The Court may enter an award without a hearing when "plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). Mr. Gaston's affidavit supports Plaintiffs' damages request and no evidentiary hearing is necessary. (*See* Gaston Decl., ECF No. 8-1.)

Plaintiffs seek $87,949.96 which is the sum of the liquidated damages ($75,144.70), interest to date ($7,414.98), attorneys' fees ($4,979.04), and court costs ($411.24). (Gaston Decl., ¶¶ 17–18.) Plaintiffs provided evidence in the form of the parties' agreements (ECF Nos. 8-2, 8-3), a computation of the money owed (Gaston Decl., ¶ 18), and a declaration of the Contract Relations Manager for the Plans (Gaston Decl.). This uncontested evidence establishes the calculability of the liquidated damages and interest, and the Court is satisfied that it can determine the appropriate damages without an evidentiary hearing.

5

ERISA entitles a prevailing plaintiff to reasonable attorneys' fees and costs as determined by the district court. 29 U.S.C. § 1132(g). The award is mandatory. *Bd. of Trs. of the Ohio Laborers Bens. v. Olive Leaf Landscaping, Inc.*, No. 2:22-CV-2799, 2023 U.S. Dist. LEXIS 207952, at *13 (S.D. Ohio Nov. 20, 2023) (Marbley, C.J.) (citing *Building Serv. Loc. 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995)). The Court evaluates the reasonableness of the fee amount using the lodestar method, which multiplies the number of hours "reasonably expended on the case by an attorney," by the "court-ascertained reasonable hourly rate." *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013) (quotation marks omitted). If both inputs are reasonable, then "the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Olive Leaf Landscaping, Inc.*, 2023 U.S. Dist. LEXIS 207952, at *13 (quoting *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008)).

Plaintiffs' Counsel, Ryan K. Hymore, submitted a declaration supporting the requested attorneys' fees. (Hymore Decl., ECF No. 8-4.) Mr. Hymore expended 7.8 hours in this litigation, at an hourly rate of $350. (*Id.* ¶¶ 4, 9.) Mr. Sponaugle, a paralegal with Mr. Hymore's firm, also expended 14.9 hours at an hourly rate of $180. (*Id.* ¶ 6, 9.) Mr. Hymore seeks $4,979.04 of the total fee amount of $5,412.00, which is around 92% of the lodestar. (*Id.*) The Court finds that these rates and hours expended are reasonable. *See, e.g.*, *Bds. of Trs. of the Ohio Laborers' Bens. v. Folmar & Son, LLC*, No. 2:23-cv-3772, 2024 U.S. Dist. LEXIS 112560, at *7 (S.D. Ohio June 26, 2024) (Morrison, J.) (finding Mr. Hymore and Mr. Sponaugle's hourly rates reasonable in comparison to the prevailing market rate).

Accordingly, Plaintiffs' requested award of $87,949.96 is **GRANTED**. On top of this award, Plaintiffs seek an interest rate of 1% per month from the date of judgment. (ECF No. 8.) A post-judgment interest rate of 1% per month was agreed upon by the parties. (*E.g.*, ECF No. 8-1, ¶ 14; ECF No. 8-2 PageID 35.) As a result, this request is **GRANTED.**

## CONCLUSION

Plaintiff's Motion for Default Judgment (ECF No. 8) is **GRANTED**, and the Clerk is **DIRECTED** to enter judgment for Plaintiffs Boards of Trustees of the Ohio Laborers Benefits and against Defendant Cole Burton Contractors, LLC in the amount of $87,949.96, which includes $75,144.70 in liquidated damages, $7,414.98 in interest to date, $4,979.04 in attorneys' fees and $411.24 in court costs—plus interest at the rate of 1% per month from the date of this judgment.

The Clerk is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

**10/9/2024**                       **s/Edmund A. Sargus, Jr.**
**DATE**                              **EDMUND A. SARGUS, JR.**
                                         **UNITED STATES DISTRICT JUDGE**